**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


THEODORE MARVIN BOWERS,

       Petitioner,

-vs-                                    Case No.  8:06-cv-358-T-30TBM

SECRETARY, FLORIDA DEP'T OF
CORRECTIONS, et al.,

       Respondents.
_____/


## ORDER

      This cause is before the court on a petition for writ of habeas corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges the taking of his gain time credits within the Florida Department of Corrections as a result of disciplinary action taken against him for possession of narcotics (Dkt. 1). Respondents filed a response to the petition and motion to dismiss on the ground that Petitioner failed to exhaust his state court remedies (Dkt. 8). Petitioner filed a reply to Respondents' response and motion to dismiss (Dkt. 11).

**Background**

      Petitioner, a Florida prisoner proceeding *pro se*, challenges a September 13, 2004 disciplinary action that was taken against him for possession of narcotics, which resulted in his losing sixty (60) days of gain time credits and being placed into disciplinary confinement for forty-five (45) days (Dkt. 8, Exs. A & F). The disciplinary team's decision was based upon

Officer Apolinaris's statement in the disciplinary report that he saw a man walk behind Petitioner while Petitioner was blowing a sidewalk, then Petitioner picked up something from the ground.  Officer Apolinaris called Petitioner over to him, but Petitioner tried to walk away from him.  Then, Officer Apolinaris walked quickly to Petitioner and asked him what was in his hand, and Petitioner opened his hand revealing a small plastic bag which contained a substance which later tested positive as marijuana (Id.).

In this federal habeas action, Petitioner claims that he was deprived of his right to due process because the Florida Department of Corrections failed to comply with its own rules[1] when Lieutenant Canady participated on the disciplinary hearing team after he had been present when the Assistant Warden spoke to Petitioner and Officer Apolinaris regarding the incident which gave rise to the disciplinary report (Dkt. 1 at 5-6).  Petitioner also claims that his right to due process was denied when during the prison grievance process following the disciplinary conviction, the Warden's office did not timely provide a response to Petitioner's grievance, his appeal grievance to the Secretary of the Department of Corrections was returned without action because the Warden's office did not timely provide a response to his grievance, and the Secretary's office subsequently denied his appeal grievance regarding the disciplinary proceedings without adequately investigating the matter (Dkt. 1 at 8-15).

---

[1]Petitioner claims the Department of Corrections violated Fla. Admin. Code, Ch. 33-601.306(1)(b) which states "[a] person shall not serve as the hearing officer or as a member of the disciplinary team, or participate in the deliberations when they are...the investigating officer[.]"

Petitioner raised his claims[2] in a petition for writ of mandamus in Leon County Circuit Court on December 20, 2004 (Dkt. 8, Ex. K). On August 26, 2005, the circuit court denied the petition for writ of mandamus on the merits (Dkt. 8, Ex. M).

On November 6, 2005, Petitioner filed his Petition for Belated Appeal pursuant to Fla. R. App. P. 9.141(c)[3] in the District Court of Appeal, First District of Florida (Dkt. 8, Ex. N).  In his Petition for Belated Appeal, Petitioner asserted that he was entitled to a belated appeal because the circuit court's order denying his petition for writ of mandamus did not notify Petitioner that he had a right to appeal the order within thirty days (Id.).  On December 28, 2005, the First District Court of Appeal denied Petitioner's Petition for Belated Appeal (Dkt. 8, Ex. O).[4]

## Discussion

A petition for writ of habeas corpus should not be entertained in federal court unless the petitioner has first exhausted his state remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Rose v. Lundy*, 455 U.S. 509 (1982); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998). The courts of Florida must be given an opportunity to consider

---

[2]In his petition for writ of mandamus, Petitioner actually claimed that the Department of Corrections violated Fla. Admin. Code, Ch. 33-601.306(1)(a) because Lt. Canady served on the disciplinary hearing team even though he was a "secondary witness" to the incident (Dkt. 8, Ex. K at 2-4).

[3]Fla. R. App. P. 9.141(c) currently governs petitions seeking belated appeals in collateral or post-conviction criminal cases.

[4]The First District Court of Appeal cited to *Powell v. Florida Dep't of Corrections*, 727 So. 2d 1103 (Fla. 1st DCA 1999), which held that because the petition for writ of mandamus/habeas corpus was civil in nature, the provisions of Fla. R. App. P. 9.140(j)(the rule governing belated appeals in collateral or post-conviction criminal cases at that time) were inapplicable.  The First District Court of Appeal also cited to *Jordan v. State*, 549 So. 2d 805 (Fla. 1st DCA 1989) which held that the lack of notification of the right to appeal in an order denying a post-conviction motion pursuant to Fla. R. Crim. P. 3.800(a) does not excuse the failure to timely file a notice of appeal.

Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Petitioner must fairly and substantially present his claim to the state court in order to exhaust the issue. *Castille*, 489 U.S. at 351; *Watson v. Dugger*, 945 F.2d 367, 371-72 (11th Cir. 1991). "The requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Instead, "the petitioner [must] afford the State a full and fair opportunity to address and resolve the claim on the merits." *Id.* Generally, failure to exhaust is grounds for dismissal of the petition. *Keeney*, 504 U.S. at 10.

Under Florida law, a prisoner may seek state court review of a prison disciplinary hearing through an extraordinary petition with the appropriate state circuit court. Fla. R. App. P. 9.030(c), 9.100; *see also McDuffy v. Moore*, 747 So.2d 1003, 1004 (Fla. 2d DCA 1999). Although district courts of appeal and the Florida Supreme Court share original writ jurisdiction, unless exceptional circumstances exist the extraordinary writs must first be filed in the circuit court forum. *See Harvard v. Singletary*, 733 So.2d 1020 (Fla. 1999); *Hansen v. Florida Parole & Probation Com.*, 436 So. 2d 349 (Fla. 1st DCA 1983). Because the circuit court's review is appellate in nature, review of the circuit court decision may be secured only through a writ of certiorari filed in the appropriate state district court of appeal. Fla. R. App. P. 9.030(b); *Sheley v. Florida Parole Comm'n*, 720 So.2d 216 (Fla. 1998); *Doss v. Florida Dep't of Corrections*, 730 So. 2d 316 (Fla. 4th DCA 1999) (applying *Sheley*, a parole case, in the context of prison disciplinary hearings).

4

Under certiorari review, Florida appellate courts are limited to considering whether the circuit court decisions "afforded procedural due process" and "observed the essential requirements of law." *Haines City Community Development v. Heggs*, 658 So.2d 523, 530 (Fla. 1995). Moreover, since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of clearly established principle of law resulting in a miscarriage of justice. *Id*. at 528 (quoting *Combs v. State*, 436 So. 2d 93, 95-96 (Fla. 1985)).

In the instant case, Respondent argues Petitioner failed to exhaust his state court remedies because he failed to timely seek certiorari review of the circuit court's denial of his mandamus action. Petitioner does not dispute that the Florida process for challenging prison disciplinary actions includes seeking relief in the state circuit court and, if relief is denied, certiorari review by the district court of appeal (Dkt. 11 at 1-3). Instead, Petitioner contends he was entitled to a belated appeal of the order denying his mandamus action because the order did not contain a notification that he had thirty days to appeal (or file a petition for certiorari review) (Id.). Petitioner further contends that this Court may reach the merits of his procedurally defaulted claims because the circuit court's failure to advise him of his right to appeal the order was cause for his failure to timely file his appeal (Id.).

Petitioner cites *State ex rel. Shevin v. District Court of Appeal, Third Dist.*, 316 So. 2d 50 (Fla. 1975) in support of his position that he was entitled to a belated appeal of the order

5

denying his mandamus action because the circuit court failed to notify Petitioner of his right to appeal the order within thirty days.  However, Petitioner's reliance upon *State ex rel. Shevin* is misplaced.  *State ex rel. Shevin* authorizes belated appeals of Rule 3.850, Fla. R. Crim. P. orders when the trial court fails to apprise the movant of his right to appeal.

In the instant case, Petitioner filed a mandamus action, not a Rule 3.850 post-conviction motion.  The First District Court of Appeal denied Petitioner's Petition for Belated Appeal because Fla. R. Crim. P. 9.141(c), the rule authorizing petitions seeking belated appeals of orders in collateral or post-conviction criminal cases, is inapplicable to mandamus actions (Dkt. 8, Ex. O); *see Powell v. Florida Dep't of Corrections*, 727 So. 2d 1103 (Fla. 1st DCA 1999). Respondent correctly argues that Petitioner "has failed to identify any rule or case law to support that he was entitled to be notified that he had 30 days to appeal the order denying relief in a civil proceeding." (Dkt. 8, at 8).  Because Petitioner did not timely seek certiorari review in the First District Court of Appeal, it is evident that Petitioner failed to exhaust his available state remedies relative to his claim.

Furthermore, Petitioner is no longer able to seek certiorari review as the thirty day period for filing a petition for certiorari review in the District Court of Appeal has clearly elapsed. *See* Fla. R. App. P. 9.100(c)(1). Thus, the state courts would now find any efforts to gain relief on Petitioner's claims to be procedurally barred. Because Petitioner is barred by state procedural rules from exhausting the substance of his claims, procedural default exists for purposes of federal habeas review. *Coleman v. Thompson*, 501 U.S. 722 (1991). If a petitioner failed to raise an issue in the state court, and under state law would be procedurally barred from doing so,

federal courts should apply the state procedural default law and hold the claim to be barred. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). However, this Court may review the claims if Petitioner shows cause and prejudice for the default or that a miscarriage of justice will otherwise result. *See Coleman*, 501 U.S. at 729; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (quoting *Murray*, 477 U.S. at 488). In order to show prejudice, Petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)), *cert. denied*, 503 U.S. 938 (1992).

In the instant case, Petitioner does not demonstrate the existence of an external impediment that prevented him from timely pursuing the channels available to him to obtain certiorari review of the order denying his mandamus action. Petitioner had no entitlement to notification from the circuit court that he had thirty days to seek certiorari review of the order denying his mandamus action. Moreover, Petitioner fails to show that he was prejudiced by the alleged errors in the disciplinary proceeding.

Petitioner claims he was denied due process in a prison disciplinary proceeding when he was convicted of possession of narcotics. He contends the Department of Corrections violated its own rules, specifically Fla. Admin. Code, Ch. 33-601.306(1), when Lt. Canady served as a

member of the disciplinary hearing team even though he was either a witness or the investigating officer.

Where a prison disciplinary hearing may result in the loss of good time credits, the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974), held that the inmate must receive: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.*, 418 U.S. at 564-66.  In a succeeding case, the Supreme Court addressed the amount of evidence necessary to support the factfinder's decision. In *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985), the Court held: "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.*, 472 U.S. at 454 (citation omitted).  Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  *Id.*, 472 U.S. at 455-456.

The record reveals on September 13, 2004, Officer Apolinaris wrote the following disciplinary report:

> On September 13, 2004, at approximately 1:55 PM I, CO G Apolinaris was on SR-540 at Wonder Lake Road and Harmon Lane with a DOT squad. At that time inmate Bowers, Theodore #503464

was blowing the side walk on the northside walking west on Winter Lake Road. I was on the southside across from inmate Bowers observing him. I saw a young black man in his twenty's (sic) or thirty's (sic) walking behind inmate Bowers dressing (sic) in dark clothes. I saw inmate Bowers picking up something from the ground. I called inmate Bowers, instead

of inmate Bowers walking directly to me, he tried to walk in a 45 degree angle to walk away from me. I quickly walked to him. I asked him what he had in his right hand, he then open (sic) his right hand. I got a small plastic bag from his right hand with what appeared to be marijuana. Inmate Bowers was placed in Administrative Confinement pending further investigation. The substance was tested and came up with a positive for marijuana, weight was 1.2 grams.

(Doc. 8, Ex. A).

The record also shows that Officers Lindsay and Arnold investigated the incident by interviewing Officer Apolinaris, Petitioner[5] and Inmate Troup[6] (Dkt. 8, Exs. B, C, D, E). In Officer Apolinaris's interview, he stated that the disciplinary report was true and correct as written (Dkt. 8, Ex. B). A disciplinary hearing was held on September 21, 2004 (Dkt. 8, Ex. F). Petitioner was present, was offered staff assistance and declined, and pleaded not guilty (Id.). The disciplinary team issued a written decision finding Petitioner guilty based on Officer Apolinaris's statement (Id.).

The record shows Petitioner was afforded fundamental fairness in the disciplinary proceeding. Petitioner was afforded the procedural safeguards enunciated in *Wolff*. Furthermore, the record contained "some evidence" to support the conclusion that Petitioner committed the

---

[5]Petitioner refused to give a written statement and stated he would make his statement at the disciplinary hearing (Dkt. 8, Ex. C).

[6]Inmate Troup voluntarily refused to give a statement (Dkt. 8, Ex. E).

rule violation. *See Hill*, 472 U.S. at 456 (prison guard's testimony and copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process Clause); *Brown v. Frey*, 807 F.2d 1407, 1414 (8th Cir. 1986) (witnessing officer's violation report is "some evidence").

Furthermore, Lt. Canady was not a witness to the violation, nor was he the investigating officer (Dkt. 8, Ex. H).  Lt. Canady did not become a witness to the incident or an investigating officer merely because he was present when the Assistant Warden questioned Petitioner regarding the incident in order to determine whether a disciplinary report should be written. Prisoners have a due process right to an impartial decision maker; however, tangential involvement in the investigation of the charges against an inmate does not disqualify an officer from sitting on the disciplinary hearing team.  *See Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983).  Petitioner fails to demonstrate Lt. Canady was not an impartial decision maker, or that under the Department of Corrections rules, he was ineligible to serve on the disciplinary hearing team.

Finally, Petitioner's claims that he was denied due process because prison officials did not timely respond to and adequately investigate his grievances regarding the disciplinary proceedings are without merit.[7]  "Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."  *Thomas v. Warner*, 237 Fed. Appx. 435, 438 (11th Cir. 2007)(unpublished opinion). *See also, Adams v.*

_____

[7]Moreover, Petitioner concedes that he failed to exhaust his state administrative remedies regarding this claim (Dkt. 11 at 4).

*Rice*, 40 F. 3d 72, 75 (4th Cir. 1994)("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state").

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1.      The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 8, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
Petitioner *pro se*
Counsel of Record